FILED
SCRANTON

OCT 23 2019

PER _____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Gallagher Law Offices, P.C.
Terrence V. Gallagher, Esq.          Attorney for the Plaintiffs
Attorney I.D. No. 19155
Catherine A. Gallagher, Esq.
Attorney I.D. No: 206436
Jefferson Professional Building
416 Jefferson Avenue
Scranton, PA 18510 (570)347-9816

| | |
|---|---|
| MICHAEL TRENTLY and AMY TRENTLY, his wife<br><br>Plaintiffs<br><br>VS.<br><br>UNITED STATES OF AMERICA, CITY OF SCRANTON, Defendants | No: 3:19-CV-1836<br><br>Judge Robert D. Mariani |

**COMPLAINT**

NOW comes the Plaintiffs, Michael Trently and Amy Trently, his wife, by and through their counsel, Gallagher Law Offices, P.C., and assert the following cause of action against the above named Defendants, and each of them, and in support thereof, aver as follows:

**INTRODUCTION**

1.    Plaintiffs filed a personal injury lawsuit initially. filed in Lackawanna County Court of Common Pleas.

1

2.      On March 15, 2018 United States of America substituted itself for Robert Hegedus as a Defendant in the state action and removed the state action to United States District Court for the Middle District of Pennsylvania on the asserted basis that Robert Hegedus, a City of Scranton Police Officer was an employee of the United States of America for purposes of the Federal Tort Claims Act.

3.      The Defendant, United States of America, filed a motion asserting lack of subject matter jurisdiction, as Plaintiffs had not exhausted their administrative remedies. On November 15, 2016, The Honorable Judge A. Richard Caputo granted the government motion.

4.      On January 8, 2019, Plaintiffs filed administrative claims pursuant to Federal Tort Claims Act. On April 25, 2019, United States Department of Justice, United States Marshal Service General Counsel Gerald M. Aubach denied Plaintiffs claims and indicated inter alia ... suit may be filed with the appropriate United States District Court no later than six months from the date of the denial.

## Jurisdiction and Venue

5.      This Court is vested with exclusive subject matter jurisdiction over all civil cause of action against the United States of America pursuant to  Federal Tort Claims Act 28 U.S.C § 1346 (b)(1); 28 U.S.C. §2679 (b)(1)et seq.

6.      As to those claims asserted herein against the defendant The City of Scranton this Court has supplemental jurisdiction  pursuant to 28 U.S.C. § 1367 (a).

7.      Venue is proper  in the  Middle District of Pennsylvania pursuant to 28 USC § 1402 (b) because at all times relevant Plaintiffs resided in this judicial district and all negligent, wrongful acts or omissions complaint of herein occurred in this judicial district and 28 U.S.C. §1391(b)

## Nature of Action

8.      This is a personal injury lawsuit for injuries sustained by Michael Trently in a vehicular collision on March 15, 2016 in Wilkes-Barre, Luzerne County, Pennsylvania. Michael Trently was a Pennsylvania Board of Probation and Parole employee who was in possession of a valid arrest warrant for a

violent fugitive and requested the United States Marshal Service Violent Offender Task Force assistance in effectuating the apprehension and arrest of the fugitive. Michael Trently was a passenger in a motor vehicle owned by the Defendant, City of Scranton, and operated with its permission by City of Scranton Police Officer who was permitted to utilize said motor vehicle in participating with the United States Marshal Violent Offender Task Force effort to apprehend and arrest a violent offender and was involved in a motor vehicle collision resulting in injury and damages to Plaintiffs.

## Parties

9.    The Plaintiffs, Michael Trently and Amy Trently, his wife, are adult and competent individuals residing in Clarks Summit, Lackawanna County Pennsylvania.

10.    The Defendant, United States of America is the federal government who is the proper defendant pursuant to 28 U.S.C. 2671 et seq. commonly referred to as Federal Tort Claims Act. Liability of the United States of America is pursuant to 28 U.S.C.§1346(b)(1), 28 U.S.C.§2674, 28 U.S.C.§2679(b)(1)claims for personal injuries resulting in damages arising from and proximately caused by the negligent or wrongful acts and/or omissions of a federal employee within the course and scope of employment.

11.    The Defendant, The City of Scranton is a governmental entity in the Commonwealth of Pennsylvania that conducts and transacts business with a principal office located at North Washington Avenue Scranton, Lackawanna County, Pennsylvania.

## Statement of Relevant Facts

12.    On or about March 16, 2015, at all times material to this cause of action the City of Scranton, Commonwealth of Pennsylvania, United States Marshal Service and other entities participated in a joint effort to arrest and apprehend local, state, and federal fugitive as participants of the United States Marshal Service Violent Offender Task Force.

13.    At all times material to this cause of action United States Marshal Service and Pennsylvania Board of Probation and Parole had not entered into any written agreement pursuant to Intergovernmental Act of 1970, 5 U.S.C. 3371 through 3374, for the Plaintiff, Michael Trently, to be assigned or detailed to the United States Marshal Service Violent Offender Task Force.

14.    At all times material to this cause of action, United States Marshal Service and Pennsylvania Board of Probation and Parole entered into a Memorandum of Understanding executed by representatives of the United States Marshal Services representative the Pennsylvania Board of Probation and Parole on December 31, 2014. The Memorandum of Understanding reflected inter alia...

Release of Liability: Each agency shall be responsible for the acts or omission of its employees. Participating agencies or their employees shall not be considered as the agents of any other participating agency. Nothing herein waives or limits sovereign immunity under federal or state statutory or constitutional law.

15.    On or about March 16, 2015 and at all times material to this cause of action, the Plaintiff, Michael Trently, was employed by the Commonwealth of Pennsylvania as a parole agent with the Pennsylvania Board or Probation and Parole, whose daily activities and actions were controlled by the Commonwealth of Pennsylvania Board of Probation and Parole. Michael Trently was an independent contractor at all times the Pennsylvania Board of Probation and Parole allowed Michael Trently to participate with the United States Martial Service Violent Offender Task Force including on March 16, 2015.

16.    On or about March 16, 2015 and at all times material to this cause of action, the Defendant, Robert J. Hegedus, was a City of Scranton police officer participating with the United States Martial Service Violent Offender Task Force and pursuant to Honorable Judge A. Richard Caputo's order was an employee of the United States of America.

17.    On or about March 16, 2015 Plaintiff, Michael Trently, was in possession of an active Commonwealth of Pennsylvania Probation and Parole warrant for Alan W. Weitz and requested United States Marshal Service Violent Offender Task Force assistance in locating and apprehending the fugitive, Alan W. Weitz.

18.    On or about March 16, 2015, at or about 1:00 p.m., Plaintiff, Michael Trently, was a passenger in a 2014 GMC Terrain motor vehicle owned, insured, maintained and licensed by the City of Scranton which was being operated by Robert J. Hegedus, a Scranton Police Officer, with the permission of the City of Scranton and the City of Scranton's permission to utilize said motor vehicle while participating with the United

4

States Marshal Service Violent Offender Task Force.

19.    On or about March 16, 2015, Michael Trently and Robert J. Hegedus as well as other individuals participating with the United States Marshal Service Violent Offender Task Force (Task Force) were attempting to locate and arrest the wanted fugitive, Alan W. Weitz, pursuant to Pennsylvania Board of Probation and Parole arrest warrant. At or about 1:00 p.m. in the 300 block of South River Street Wilkes-Barre, Luzerne County, Pennsylvania the Plaintiff, Michael Trently and Robert J. Hegedus and others observed the fugitive and target of the arrest, Alan W. Weitz exited a residence in the 300 block of South River Street, Wilkes-Barre, PA. Alan W. Weitz apparently observed the two unmarked motor vehicles occupied by Task Force law enforcement participants and then Alan W. Weitz ran to and entered the driver's door of a blue Lincoln Navigator motor vehicle bearing the license plate JTG5792 and started the motor vehicle. Robert J. Hegedus, without activating the motor vehicle he was operating lights, siren, or bullhorn/public address system, drove the motor vehicle at an angle alongside of and to the front of the motor vehicle operated by Alan W. Weitz in an attempt to prevent, block and/or cut off Mr. Weitz from being able to flee the area. The motor vehicle operated by, Mr. Hegedus and occupied by Mr. Trently and other task force, law enforcement, participants and the motor vehicle operated by Mr. Weitz collided into each other resulting in significant, severe and permanent injuries to Michael Trently as more particularly hereinafter set forth.

20.    As a direct, proximate result and factual cause of the negligence of the Defendants individually and collectively as hereinafter set forth, the Plaintiff, Michael Trently, has sustained and suffered severe and painful disabling, permanent injuries including but not limited to the following:commuted displaced fracture of the third metatarsal with dorsal displacement of the main distal fracture fragments which required surgery and internal fixation including placement of plate and screws, right hand neuropathy, pain, discomfort lack of strength, range of motion and dexterity of the right hand, finger, and wrist, cerebral concussion, traumatic brain injury, post-concussion headache, loss of cognitive functioning, vertigo, posttraumatic stress disorder, complex regional pain syndrome, thoracic outlet syndrome, headache, dizziness, blurred vision, memory loss, back pain, neck pain, depressed mood, anxiety, cervical disc herniation, chronic pain syndrome, caused or aggravated cervical, thoracic, and lumbar disc disease and

radiculopathy, peripheral vestibular dysfunction, central vestibular dysfunction, bilateral shoulder sprain, strain, right elbow pain and discomfort and numbness radiating down right hand and finger, paraspinal muscle spasm, depression adjustment disorder, panic attacks and anxiety disorders and migraines.

21.    As a direct, proximate result and factual cause of the negligence of  the  Defendants individually and collectively as hereinafter set forth, the Plaintiff, Michael Trently has been rendered sick, sore, disabled, has sustained both physical and mental pain, suffering, anguish, anxiety, irritability, depression and confusion all of which required medical care and all of which may be permanent in nature requiring future medical care and treatment.

22.    As a direct, proximate result and factual cause of the negligence of  the  Defendants individually and collectively as hereinafter set forth, the Plaintiff, Michael Trently, has been obligated to receive and undergo medical attention and care and to expend various sumsof money for the expenses for the treatment of the aforesaid injuries and he will be obligated to expend such sums and incur such expenses for an indefinite period of time in the future.

23.    As a direct and proximate result of the negligence of the Defendants individually and collectively as hereinafter set forth, the Plaintiff, Michael Trently, sustained and continues to sustain a loss of every day pleasures and enjoyment of life, loss of income/earnings and impairment of earning capacity and power, all of which may be permanent in nature.

## COUNT I
## Michael Trently V. United States of America

24.    The Plaintiff, Michael Trently, incorporates by references each and every prior and subsequent allegation as though fully set forth herein.

25.    At all times relevant and material to this cause of action, Robert J. Hegedus, pursuant to Federal Tort Claims Act was an employee of the United States Government and was acting in the course and scope of his employment as a law enforcement/police officer with the United States Marshal Service Violent Offender Task Force and United States of America is liable for negligent acts and omissions of Robert Hegedus.

6

26.      The injuries and loss the Plaintiff, Michael Trently, sustained as heretofore set forth were the direct, proximate result and factual cause of the negligence  acts and omissions of the United States of America by its employee, Robert J. Hegedus, in the course and scope of his employment as a participant of the United States Marshal Service Violent Offender Task Force, as follows:

a) Failed to operate his motor vehicle within a speed which would have allowed him to stop within the assured clear distance ahead.

b) Failed to apply motor vehicles brakes in time to avoid a collision.

c) Failed to maintain adequate control of his motor vehicle in order to prevent it  from being involved in a collision.

d) Operated his motor vehicle in violation of 75 Pa C.S.A.§3714 by driving his motor vehicle with careless disregard for the safety of other persons including the Plaintiff or property.

e) Operated his motor vehicle in violation of Pennsylvania Motor Vehicle Code 75 Pa. C.S.A §3736 by driving his motor vehicle with willful wanton and disregard for the safety of persons occupying the motor vehicle including the Plaintiff

f) Failed to exercise reasonable care or comply with generally accepted standards, practices, procedures, guidelines, protocols, policies, and tactics in effectuating the apprehension and arrest of fugitive, Alan W. Weitz, under all the attendant circumstances.

g) Failed in his duty to exercise reasonable care and take necessary precautions to ensure law enforcement officers safety including the Plaintiff.

h) Failed to yield to the right of way to the motor vehicle the fugitive, Alan W. Weitz, was operating.

i) Failed to take the reasonable care and appropriate precautions to reduce the risk of injuries to participants with the United States Marshal Violent Offender Task force including Michael Trently in effectuating arrest of a violent offender involving a motor vehicle.

j) Failed to maintain a safe reasonable distance from the motor vehicle Alan W. Weitz operated.

k) Failure to comply with Act 120 training, practice, standards, protocols, procedures, guidelines, recommendations, and tactics, relative to the operation of a motor vehicle and to effectuate a felony arrest of a violent offender involving a motor vehicle pursuit/stop and arrest.

1) Failed to activate lights, siren and bullhorn/public address system of the motor vehicle he was operating,

m) Failed to position and keep the motor vehicle he was operating a safe distance to the rear of the targets motor vehicle occupied and operated by the fugitive, Alan W. Weitz exposing the occupants of the motor vehicle including the Plaintiff to needless risk of injury and damage,

n) Failed to comply with United States  Marshall Service, Federal Law Enforcement Training Center and  generally accepted law enforcement training standards, protocols, practices, guidelines, tactics, and procedures concerning the operation of a motor vehicle and to effectuate a felony arrest of a violent offender involving a motor vehicle pursuit, stop and arrest.

o) Failed to operate motor vehicle with due regard for the rights and safety of the occupants of the motor vehicle including Plaintiff, Michael Trently exposing occupants to inherently dangerous and potentially deadly situation.

p)   Failed to act in a reasonable prudent manner for police officer/law enforcement officer under all the attendant circumstances.

q)   Failed to utilize the public address system/bullhorn to order the fugitive, Alan W. Weitz, out of the motor vehicle he was operating.

r)   Failed to provide any commands to Alan W. Weitz.

s)   Failed to reasonably and properly take control of the situation in the pursuit, stop, apprehension and arrest of Alan W. Weitz under the attendant circumstances,

t)   Failed to communicate with supervisor concerning methods, manner, protocol, procedures, tactics relative to the

operation of a motor vehicle and to effectuate a felony involving a motor vehicle pursuit, stop, apprehension and arrest under the attendant circumstances.

u)    Failed to have in place, follow, and or comply with a tactical plan for the apprehension and arrest of Alan W. Weitz, a violent offender under all the attendant circumstances.

**WHEREFORE**, Plaintiff, Michael Trently, prays for relief from the United States of America as set forth below

## COUNT II
## Michael Trently v. City of Scranton

27.    The Plaintiff, Michael Trently, incorporates by references each and every prior and subsequent allegation as though fully set forth herein

28.    At all timed relevant and material to this cause of action, Robert Hegedus, was a Scranton police officer with the permission of the City of Scranton and was operating a motor vehicle owned, insured, and licensed by the City of Scranton was allowed to participate with and or be assigned to the United States Marshal Service Violent Offender Task Force and  was permitted and allowed to utilize the City of Scranton motor vehicle  during said assignment and or participation.

29.   The acts of negligence of the Defendant, The City of Scranton, are actionable an impose liability as an exception to governmental immunity pursuant to the provisions of 42 Pa. C.S.A. §8542 that:

A. the damages would be recoverable under common low or a statute creating cause of action; and

B. the injuries to the Plaintiff were caused by the negligent acts of the local agency Defendant, The City of Scranton, or its employees, acting within the scope of their office or duties;

C.   the acts of the City of Scranton or its employees its employees to provisions of 42 C.S.A. 8342 (b)(3). Vehicle Liability. The operation of a motor vehicle in possession or control of the local agency(The City of Scranton).

30.   The injuries and loss the Plaintiff suffered as

heretofore set forth were the direct, proximate result and factual cause of the negligence, acts and omissions of the Defendant, City of Scranton, in permitting and allowing Robert Hegedus to participate with and or to be assigned to the United States Marshal Task Force and permitting Robert Hegedus to utilize and operate the City of Scranton motor vehicle, as hereinafter set forth.

a) Failing to have in place, implement, oversee and evaluate reasonable, necessary, appropriate required written guidelines, procedures, and/or policies concerning the reasonable, necessary, proper methods, manners, protocols, procedures and tactics, for a police officer/law enforcement in the operation of a motor vehicle and to effectuates a felony motor vehicle pursuit, stop and arrest for the safety of police/law enforcement officers and the public.

b) Failed have in place, implement, oversee and evaluate to provide reasonable, necessary, appropriate and required training to Robert J. Hegedus, prior to and at the time of the in question incident concerning the reasonable, necessary and proper methods, manners, protocols, procedures and tactics, in operation of a motor vehicle and to effectuate a felony motor vehicle pursuit, stop and arrest for the safety of law enforcement officers/police officers and the public.

c) Failed to have in place, implement, oversee and evaluate provide reasonable, necessary, and appropriate and required instructions to the Defendant, Robert J. Hegedus, concerning the reasonable, necessary, adequate and proper methods, manners, protocols, procedures, practices and tactics in operation of a motor vehicle and to effectuate a felony motor vehicle, pursuit, stop and arrest for the safety of law enforcement officers/police officers and the public.

d)  Failed to have in place, implement, oversee and evaluate reasonable, necessary, appropriate and required supervision and oversight to Robert J. Hegedus, prior to and at the time of the in question incident concerning the reasonable, necessary and proper methods, manners, protocols, procedures, practices and tactics in operation of a motor vehicle and to effectuate a felony motor vehicle pursuit, stop and arrest for the safety of law enforcement

officers/police officers and the public.

e) Failed to have in place, oversee, implement, evaluate, and enforce reasonable, necessary, appropriate and proper policies, guidelines, methods, manners, protocols, procedures, practices and tactics in operation of a motor vehicle and to effectuate a felony motor vehicle pursuit, stop and arrest for the safety of law enforcement officers/police officers and the public.

f) Knew or in the exercise of reasonable prudence should have known Robert Hegedus did not possess the requisite skill, knowledge, and training to participate with the United States Marshall Task Force in the operation of motor vehicle and to effectuate a felony motor vehicle pursuit, stop and arrest.

**WHEREFORE**, Plaintiff, Michael Trently, prays for relief from the City of Scranton as set forth below

## COUNT III
### Amy Trently v. United States of America
### Loss of Consortium

31.    The Plaintiff, Amy Trently, incorporates by references each and every prior and subsequent allegation as though fully set forth herein

32.    As a direct, proximate result and factual cause of the negligence of the Defendant, United States of America as heretofore set forth Michael Trently sustained injuries and loss and his wife, Amy Trently, has been deprived of the care, comfort, assistance, services, society, consortium, affection and companionship of her husband and will continue to be so deprived for a long and indefinite time in the future.

**WHEREFORE**, Plaintiff, Amy Trently prays for relief from the United States of America as set forth below.

## COUNT III
### Amy Trently v. The City of Scranton
### Loss of Consortium

33.    The Plaintiff, Amy Trently, incorporates by references each and every prior and subsequent allegation as though fully

11

set forth herein

34.     As a direct, proximate result and factual cause of the negligence of the Defendant the City of Scranton as heretofore set forth Michael Trently sustained injuries and loss and his wife, Amy Trently, has been deprived of the care, comfort, assistance, services, society, consortium, affection and companionship of her husband and will continue to be so deprived for a long and indefinite time in the future.

**WHEREFORE**, Plaintiff, Amy Trently prays for relief from the City of Scranton as set forth below.

### Prayer for Relief

1. For compensatory and general damages in an amount according to proof;
2. For past and future medical, incidental, and service expenses according to proof;
3. Loss of consortium  in an amount according to proof;
4. For pre- and post-judgment interest on all damages as allowed by the law;
5. For costs of suit incurred herein;
6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,
Gallagher Law Offices, P.C.

Terrence V. Gallagher, Esquire

Catherine A. Gallagher, Esquire

## VERIFICATION

We, Michael Trently and Amy Trently state that we are the plaintiffs named herein and the facts set forth in our Complaint are true and correct to the best of our knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C. S. 4904 relating to unsworn falsification to authorities.

_____
Michael Trently

_____
Amy Trently

Court Name: District Court
Division: 3
Receipt Number: 333068265
Cashier ID: gangeli
Transaction Date: 10/23/2019
Payer Name: GALLAGHER LAW OFFICES PC

*333068265*

CIVIL FILING FEE
 For: GALLAGHER LAW OFFICES PC
 Case/Party: D-PAM-3-19-CV-001836-001
 Amount:        $400.00

Paper Check Conversion
 Check/Money Order Num: 7826
 Amt Tendered: $400.00

Total Due:      $400.00
Total Tendered: $400.00
Change Amt:       $0.00

Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $53.00 fee will be
charged for returned checks.